## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWLEAN LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5907** |
| **COLUMBIA/HCA OF NEW ORLEANS, INC. d/b/a TULANE UNIVERSITY HOSPITAL** | **SECTION: G(5)** |

## ORDER AND REASONS

Before the Court is Defendant Columbia/HCA of New Orleans, Inc.'s ("Columbia") "Motion to Dismiss Pursuant to Rule 12(b)(6)."[1] After considering the motion, the memorandum in support,[2] the memorandum in opposition,[3] the record, and the applicable law, the Court will grant the motion.

## I. BACKGROUND

*A. Factual Background*

In the complaint filed with this Court, Plaintiff Shawlean Lee alleges Tulane University Hospital hired her full-time in June of 2008. In November of 2008, she alleges she was placed on probation after being hospitalized for an unspecified disability.[4] Apparently some time before August of 2011, Lee's supervisor, Melissa Guidry, asked Lee to work full-time again, according to her filing.[5]

Lee alleges that after several months of working full-time, she asked Guidry about her

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 5-2.

[3] Rec. Doc. 7.

[4] Rec. Doc. 1 at 1.

[5] *Id.*

1

Case 2:13-cv-05907-NJB-MBN Document 17 Filed 06/12/14 Page 2 of 8

vacation time and sick time.[6] Guidry allegedly told her that "[i]t takes time for human resources to get to the paper work."[7] Lee states that she later "went above the chain of command" and spoke with Vinika Jordan who told Lee that "[t]hey are going to have to compensate you."[8]

On October 30, 2011, Lee learned that she had not been assigned any days to work in November.[9] When she confronted Guidry about this, Guidry allegedly replied, "It's not my fault you took family medical leave."[10] A short time later, on November 11, 2011, Lee was apparently scheduled to work from 7 p.m. to 7 a.m. even though her supervisors knew she was on medication for her disability and needed to sleep.[11] Lee did not work that day.[12] On November 15, 2011, she claims she was "laid off due to lack of work."[13] In her complaint filed with the Equal Employment Opportunity Commission ("EEOC"), Lee states that the given reason for her separation was that she was a "nonutilized RN."[14]

Lee filed her claim with the EEOC on December 20, 2011.[15] On April 11, 2013, the EEOC

---

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Rec. Doc. 1-1 at 4.

[15] *Id.*

2

issued Lee her right to sue letter.[16] Lee attached this letter to her complaint as an exhibit.[17] That letter informed Lee that, "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes . . . . You may file a lawsuit against respondent(s) under federal law based on this charge in state or federal court . . . . Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** . . . ."[18] Lee states that she gave the letter to a lawyer.[19] That lawyer declined to represent Lee, and Lee states that she then asked the lawyer to fax the letter back to her.[20] Lee states that she received the letter back from the lawyer in August of 2013 when she was staying at St. Bernard Women's Shelter.[21] Lee asserts that until receiving the faxed copy of the letter back from the lawyer, she did not know that she had 90 days in which to file a lawsuit under Title VII.[22]

### B. Procedural Background

Lee filed a motion to proceed *in forma pauperis* on September 23, 2013.[23] After her motion was granted, the clerk of the court docketed Lee's complaint on September 24, 2014.[24] On October 16, 2013, Defendant Columbia filed a motion to dismiss pursuant to Federal Rule of Civil Procedure

---

[16] *Id.* at 1.

[17] *See id.*

[18] Red. Doc. 1-2 at 2 (emphasis in original).

[19] Rec. Doc. 1 at 2.

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] Rec. Doc. 2.

[24] Rec. Doc. 1.

3

12(b)(6).[25] On October 25, 2013, Lee filed an opposition memorandum to Columbia's motion.[26]

## II. Parties' Arguments

### A. Defendant's Motion to Dismiss

Columbia argues that Lee's claims are procedurally barred because she did not bring suit within 90 days after she was provided with her right to sue letter from the EEOC, as required by 42 U.S.C. § 2000e–5(f)(1).[27] Columbia points out that the EEOC issued Lee's right to sue letter on April 11, 2013.[28] However, Lee did not file suit until September 24, 2014.[29] Columbia further points out that although Lee does not state the date she received the letter in her complaint, Lee does acknowledge receiving it and then giving it to a lawyer.[30] According to Columbia, when the actual date of receipt of a right to sue letter is unknown, courts will assume a date ranging from three to seven days after the date on which the EEOC issued the letter.[31] Columbia argues that even assuming Lee received the letter seven days after it was mailed—the maximum period courts give—Lee still filed her complaint more than two months after the 90 day deadline had passed. Accordingly, Columbia argues that Lee's complaint should be dismissed.[32]

### B. Plaintiff's Opposition

In opposition, Lee states, "I was unable to function fully due to: domestic violence . . . . In

---

[25] Rec. Doc. 5

[26] Rec. Doc. 7.

[27] Rec. Doc. 5-2 at 3.

[28] *Id.* at 3.

[29] *Id.*

[30] *Id.*

[31] *Id.*

[32] *Id.*

4

June 22, 2013, my son was arrested at my home . . . . I had many life altering events, including being of [sic] my medications . . . ."

### III. Law and Analysis

*A. Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[33] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[34] "Factual allegations must be enough to raise a right to relief above the speculative level,"[35] and a claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[36] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[37]

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings.[38] "If the district court considers information outside of the pleadings, the court must treat the motion [to dismiss] as a motion for summary judgment. Although the court may not go outside

---

[33] Fed. R. Civ. P. 12(b)(6).

[34] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[35] *Twombly*, 550 U.S. at 556.

[36] *Id.* at 570.

[37] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

[38] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

5

the complaint, the court may consider documents attached to the complaint."[39]

## B. Title VII's Statute of Limitations

While no express argument has been made by Lee that equitable tolling should apply here, the Court is mindful of the Supreme Court's admonition that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[40] Lee has alleged facts in her filings that raise the question of whether equitable tolling would be appropriate in this case. The standard for equitable tolling is high. As the Supreme Court has stated, "Equitable tolling is to be applied 'sparingly.'"[41] "The plaintiff has the burden to provide justification for equitable tolling."[42]

The Fifth Circuit has "described at least three bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights."[43] None of the three bases for equitable tolling recognized by the Fifth Circuit apply here, as Lee does not state that another suit was filed, that she was unaware of the facts giving rise to her claim, or that she was misled about the nature of her rights. However, the Fifth Circuit has mentioned the possibility that other bases

---

[39] *Id.*

[40] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. Rule Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

[41] *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).

[42] *Granger*, 636 F.3d at 712 (citing *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir.1995) (per curiam)); *see also Blumberg v. HCA Management Co.,* 848 F.2d 642, 644 (5th Cir.1988).

[43] *Id.*

may exist for granting equitable tolling.[44]

## C. Whether Plaintiff's Case is Subject to Equitable Tolling

In the present case, Lee filed her suit more than two months after the 90 day period. Thus, her suit is time-barred by 42 U.S.C. § 2000e–5(f)(1) unless the Court finds that equitable tolling applies here.

Lee states that she did not receive the right to sue letter back from the attorney she consulted until August of 2013 and before then did not know that she only had ninety days in which to sue. Lee's circumstances—domestic violence and the arrest of a child—are compelling but it does not appear that these difficult circumstances initially interfered with Lee's ability to file her complaint with the EEOC or consult a lawyer. If Lee gives a reason for how these difficulties affected her ability to bring suit, it seems to be that she was forced to go to a women's shelter, which prevented her from receiving her EEOC right to sue letter back from the attorney she had consulted after first receiving the letter. Without the letter, Lee did not know about the deadline for suing her employer. In the context of ignorance about deadlines for Title VII claims, the Fifth Circuit has noted that "courts in a long line of cases have held that employees' ignorance of the law . . . cannot justify tolling."[45]

Moreover, it is important to bear in mind that Lee initially received the EEOC right to sue

---

[44] *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999) ("We have indicated that circumstances besides these might merit equitable tolling."). The Fifth Circuit went on, however, in *Hood* to deny plaintiff's request for equitable tolling on the basis of lack of mental capacity where the plaintiff was represented by counsel.

[45] *Teemac*, 298 F.3d at 457 (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (finding that even a pro se plaintiff can forfeit his rights if he sleeps on them); *Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980) (refusing to excuse lay persons from compliance with title VII statute of limitations even though some courts of appeals had adopted a more lenient interpretation of the time limit); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000) (explaining that even pro se litigants are charged with knowing and following the law); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that illiteracy and ignorance of the law cannot justify equitable tolling)).

letter; she acknowledges this.[46] She then gave this letter to an attorney presumably without reading it. Although Lee states that she did not know of the deadline to file suit until she received the letter that was faxed back to her, she should have known because she initially received the letter. The fact that Lee received the letter in April but failed to learn of its contents until August is not an adequate reason for this Court to invoke equitable tolling. Accordingly, the Court finds that the facts here, while undoubtedly compelling and troubling, do not rise to that level of "rare and exceptional circumstances"[47] in which equitable tolling is justified, since "equitable tolling is to be applied 'sparingly.'"[48]

### IV. Conclusion

For the reasons articulated above, the Court finds that Plaintiff Shawnlean Lee's claims must fail as a matter of law because they are time-barred pursuant to 42 U.S.C. § 2000e–5(f)(1).

Accordingly, Defendant Columbia/HCA of New Orleans, Inc.'s "Motion to Dismiss Pursuant to Rule 12(b)(6)"[49] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  11th  day of June, 2014.

*[signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[46] Rec. Doc. 1 at 2.

[47] *Teemac*, 298 F.3d at 457 (quoting *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998)).

[48] *Nat'l R.R. Passenger Corp.,* 536 U.S. at 113.

[49] Rec. Doc. 5.

8