UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHAWLEAN LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5907** |
| **COLUMBIA/HCA OF NEW ORLEANS, INC.  d/b/a TULANE UNIVERSITY HOSPITAL** | **SECTION: G(5)** |

## ORDER

In this litigation, Plaintiff Shawlean Lee ("Lee") alleges that she was laid off from her job at Tulane University Hospital and was discriminated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and Louisiana Employment Discrimination Law.[1] Pending before the Court is Defendant Columbia/HCA of New Orleans, Inc.'s ("Defendant") "Motion to Dismiss Pursuant to Rule 12(b)(6)."[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No opposition to the pending motion, which was set for hearing on October 28, 2015, was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[3] Having reviewed the motion, the memorandum in support, and the applicable law, the Court will grant the motion.

## I. Background

### A.    *Factual Background*

In the complaint filed with this Court on September 24, 2013, Lee alleges Tulane University

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 29.

[3] *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

Hospital hired her full-time in June 2008.[4] Lee alleges that in November 2008 she was placed on probation after being hospitalized for an unspecified disability.[5] According to Lee, in 2011, Lee's supervisor, Melissa Guidry ("Guidry"), asked Lee to work full-time again.[6]

Lee alleges that after several months of working full-time, she asked Guidry about her vacation time and sick time.[7] Guidry allegedly told her that "[i]t takes time for human resources to get to the paper work."[8] Lee states that she later "went above the chain of command" and spoke with Vinika Jordan who told Lee that "[t]hey are going to have to compensate you."[9]

On October 30, 2011, Lee learned that she had not been assigned any days to work in November.[10] When she confronted Guidry about this, Guidry allegedly replied, "It's not my fault you took family medical leave."[11] On November 11, 2011, Lee alleges that she was scheduled to work from 7 p.m. to 7 a.m. even though her supervisors knew she was on medication for her disability and needed to sleep.[12] Lee did not work that day.[13] On November 15, 2011, she claims she was "laid off due to lack of work."[14] In her complaint filed with the Equal Employment Opportunity Commission ("EEOC"), Lee states that the given reason for her separation was that she was a

---

[4] Rec. Doc. 1 at p. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

"nonutilized RN."[15]

Lee filed her claim with the EEOC on December 20, 2011.[16] On April 11, 2013, the EEOC issued Lee her right to sue letter, which stated that if she wished to file a lawsuit, her lawsuit must be filed within 90 days of her receipt of the letter.[17] Lee states that she gave the letter to a lawyer.[18] That lawyer declined to represent Lee, and Lee states that she then asked the lawyer to fax the letter back to her.[19] Lee states that she received the letter back from the lawyer in August 2013 when she was staying at St. Bernard Women's Shelter.[20]

## B.   *Procedural Background*

Lee filed a motion to proceed *in forma pauperis* on September 23, 2013.[21] After her motion was granted, the Clerk of Court docketed Lee's complaint on September 24, 2014.[22] Defendant Columbia filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on October 16, 2013.[23] On June 12, 2014, the Court granted Defendant Columbia/HCA of New Orleans, Inc.'s Motion to Dismiss, holding that Lee's federal claims were time-barred pursuant to 42 U.S.C. § 2000e–5(f)(1).[24] On June 13, 2014, the Court entered a judgment in favor of Defendant and against

---

[15] Rec. Doc. 1-1 at 4.

[16] *Id.*

[17] *Id.* at 1.

[18] Rec. Doc. 1 at 2.

[19] *Id.*

[20] *Id.*

[21] Rec. Doc. 2.

[22] Rec. Doc. 1.

[23] Rec. Doc. 5

[24] Rec. Doc. 17.

3

Lee, dismissing Lee's claims with prejudice.[25] On May 20, 2015, the United States Court of Appeals for the Fifth Circuit affirmed this Court's dismissal of Lee's federal claims, but reversed and remanded, finding that this Court had not addressed a claim Lee had under the Louisiana Employment Discrimination Law, Louisiana Revised Statute 23:301, *et seq*.[26]

After Plaintiff's federal claims were dismissed, the basis of the Court's subject matter jurisdiction over the state law claims was unclear. On August 3, 2015, the Court ordered the parties to brief the Court on the issues surrounding subject matter jurisdiction.[27] Both parties submitted memoranda on August 17, 2015.[28] On October 13, 2015, Defendant filed the instant motion to dismiss, arguing that Lee's Louisiana Employment Discrimination Law claim should be dismissed because it has prescribed.[29] However, before reaching this issue, the Court will first address whether it has subject matter jurisdiction over the remaining claim.

## II. Subject Matter Jurisdiction

*A.    Parties' Arguments*

### 1.    Plaintiff's Jurisdictional Briefing

In Lee's jurisdictional briefing, she asserts that she has found several laws in her favor, including the Fourteenth Amendment to the United States Constitution and Louisiana Revised Statutes 51:2231 and 23:301, and that she is requesting $2.5 million in damages.[30]

---

[25] Rec. Doc. 18.

[26] *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 813 (5th Cir. 2015).

[27] Rec. Doc. 25.

[28] Rec. Docs. 26; 27.

[29] *Id.* at p. 1.

[30] Rec. Doc. 26 at p. 2.

4

## 2. Defendant's Jurisdictional Briefing

Defendant contends that although no federal question or diversity jurisdiction exists, the Court should exercise supplemental jurisdiction over Lee's remaining state claims pursuant to 28 U.S.C. § 1367.[31] According to Defendant, in deciding whether to retain or decline supplemental jurisdiction, district courts examine the four factors listed in 28 U.S.C. § 1367: "(1) whether the claims raise a novel or complex issue of State law; (2) whether the state-law claims substantially predominate over the federal claims or claims over which the district court has original jurisdiction; (3) whether the district court has dismissed all claims over which it has original jurisdiction; and (4) in exceptional circumstances, any other compelling reasons for declining jurisdiction."[32] In addition, Defendant contends that courts also consider the common law factors of judicial economy, convenience, fairness, and comity.[33] Defendant contends that both sets of factors weigh in favor of this Court retaining supplemental jurisdiction over Plaintiff's remaining state law claims.[34] Defendant contends that the Fifth Circuit has held in multiple cases that where a court expends a significant amount of judicial resources on a case and obtains a high degree of familiarity with it, the court's refusal to retain discretion of the remaining state law claims constitutes an abuse of discretion.[35] Furthermore, Defendant asserts that remand would inconvenience the parties and significantly increase the cost of litigation.[36]

---

[31] Rec. Doc. 27 at p. 2.

[32] *Id.* at p. 4.

[33] *Id.* (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008); *Parker v. Parsley Petrol. Co. v. Dresser Indus.*, 972 F.3d 580, 587 (5th Cir. 1992)).

[34] *Id.* at p. 4.

[35] *Id.* at p. 6 (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods. Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 228 (5th Cir. 1999)).

[36] *Id.* at p. 8.

5

*B.     Applicable Law*

"[F]ederal courts are duty-bound to examine the basis of subject-matter jurisdiction *sua sponte*."[37] Federal courts have "limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."[38] A "party may neither consent to nor waive federal subject matter jurisdiction."[39] 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Federal district courts also have jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States."[40]

If a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over related state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."[41] Upon dismissal of the federal claim that served as the basis for original jurisdiction, the district court retains its statutory supplemental jurisdiction over the state law claims; however, it may choose whether or not to exercise that jurisdiction.[42] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."[43] The "general rule" in the Fifth Circuit is to decline to exercise jurisdiction over

---

[37] *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

[38] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[39] *Simon v . Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[40] 28 U.S.C. § 1331.

[41] 28 U.S.C. § 1367(a).

[42] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009).

[43] *Id.* at 639 (2009) (citing § 1367(c) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.")).

6

supplemental state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, though "this rule is neither mandatory nor absolute."[44] The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), establishes "that supplemental jurisdiction encompasses 'other claims' in the same case or controversy as a claim within the district courts' original jurisdiction."[45] Section 1367(c) then enumerates the circumstances in which district courts may refuse to exercise supplemental jurisdiction:

> (c)  The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a)  if –
>   (1)  the claim raises a novel or complex issue of State law,
>   (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3)  the district court has dismissed all claims over which it has original jurisdiction, or
>   (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[46]

The Court's determination of whether to retain supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity."[47] The Fifth Circuit instructs that "no single factor" in the supplemental jurisdiction analysis "is dispositive," and courts are to look to all of the factors under "the specific circumstances of a given case."[48]

C.    *Analysis*

It is undisputed that the Court originally had subject matter in this case pursuant to 28 U.S.C.

---

[44] *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citations omitted).

[45] *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (citing 28 U.S.C. § 1367).

[46] 28 U.S.C. § 1367.

[47] *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

[48] *Parker*, 972 F.2d at 587.

7

§ 1331, as Lee alleged federal discrimination claims in her complaint.[49] This Court has already ruled that Lee's federal claims fail as a matter of law because they are time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1).[50] The Fifth Circuit has affirmed the dismissal of Lee's federal claims.[51] Therefore, there are no remaining claims to support an exercise of federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Lee also appears to be asserting that the Court may exercise diversity jurisdiction over her claim pursuant to 28 U.S.C. § 1332. Lee fails to allege her citizenship or the citizenship of the Defendant in her complaint or in her jurisdictional briefing. As a natural person, for the purposes of diversity jurisdiction, Lee's citizenship is determined by her domicile.[52] In both of her filings, Lee listed her address in Gretna, Louisiana.[53] As a corporation, Defendant "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[54] Defendant asserts, in its jurisdictional briefing, that it is a citizen of Louisiana as it is incorporated under Louisiana law and has its principal place of business in Louisiana.[55] Therefore, it appears that the parties are not diverse and the Court does not have diversity jurisdiction over Lee's remaining state law claim. Accordingly, the Court now turns to whether it should, in its discretion, exercise supplemental jurisdiction over Lee's remaining state law claim.

Addressing the factors listed in 28 U.S.C. § 1367(c), Defendant asserts that there are no

---

[49] Rec. Doc. 1.

[50] Rec. Doc. 17 at p. 8.

[51] *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 813 (5th Cir. 2015).

[52] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[53] Rec. Docs. 1, 26.

[54] 28 U.S.C. § 1332(c)(1).

[55] Rec. Doc. 27 at p. 3 n.2.

novel or complex issues of state law, there is substantial overlap between Lee's claims under Title VII and the ADA and her Louisiana discrimination claims, and there are no exceptional circumstances for refusing to retain jurisdiction.[56] In addition, Defendant contends that although all of Lee's federal claims have been dismissed, no one factor in 28 U.S.C. § 1367 is dispositive.[57] The Court agrees that Lee's claims do not involve novel or complex issues of state law that cannot be readily resolved by the Court. Furthermore, the Court finds that Lee's state law claims do not predominate over her federal claims because there is substantial overlap between the state and federal claims.[58] In Lee's complaint, she alleges discrimination on the basis of her disability and her race and asserts that she is seeking "vacation and wages that are owed . . . with the suit of discrimination against my Disibility [sic]."[59] The Louisiana Employment Discrimination Law ("LEDL"), Title VII, and the ADA prohibit discrimination on the basis of race and disability.[60] Lee's federal and state claims involve the same set of factual circumstances, witnesses, and evidence. Last, the Court does not find that there are any compelling reasons for declining jurisdiction.

Next, the Court turns to the common law factors of judicial economy, convenience, fairness, and comity.[61] This case has been pending before the Court since September 2013.[62] The parties

---

[56] Rec. Doc. 27 at p. 6.

[57] *Id.* at p. 5.

[58] *See* 13D Wright & Miller, Fed. Prac. & Proc. Juris. § 3567.3 (3d ed.) (discussing how courts may consider whether presentation at trial of the original and supplemental claims will overlap substantially in analyzing whether the supplemental claims substantially predominate over the claims over which the district court has original jurisdiction).

[59] Rec. Doc. 1.

[60] La. Rev. Stat. 23:323; La. Rev. Stat. 23:332; 42 U.S.C. §§ 2000(e) *et seq.*; 42 U.S.C.A. §§ 12102 *et seq.*

[61] *Batiste*, 179 F.3d at 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Ind.*, 972 F.2d 580, 585 (5th Cir. 1992) (same).

[62] Rec. Doc. 1.

9

currently have a trial scheduled for April 2016.[63] The Court is familiar with the facts and the claims asserted in this case. Furthermore, the Court has already ruled on Defendant's motion to dismiss Lee's federal claims on the grounds that the claims are time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1),[64] and the Fifth Circuit has affirmed the dismissal of Lee's federal claims.[65] Currently pending before the Court is Defendant's motion to dismiss Lee's remaining state law claim, in which Defendant argues for dismissal on the grounds that Lee's state law claim is also time-barred.[66] Furthermore, the Court also notes that Defendant asserts that remand in this case would "significantly increase the cost of litigation to the extent that any issues already adjudicated by this Court will be re-litigated in state court."[67] Accordingly, the Court finds that the common law factors of judicial economy, convenience, fairness, and comity weigh in favor of the Court retaining jurisdiction over the remaining claim.

In *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.*, a Fifth Circuit case cited by Defendant, the court stated that the Fifth Circuit "case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation . . . that court has abused its discretion under 28 U.S.C. § 1367."[68] In *Batiste v. Island Records Inc.*, another Fifth Circuit case cited by Defendant, the court stated that "[t]he familiarity of the district court with the merits of the [plaintiffs'] claims demonstrates that further proceedings in the district

---

[63] Rec. Doc. 24.

[64] Rec. Doc. 17.

[65] *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 813 (5th Cir. 2015).

[66] *Id.*

[67] Rec. Doc. 27 at p. 8.

[68] 554 F.3d 595, 602 (5th Cir. 2009).

court would prevent redundancy and conserve scarce judicial resources . . . ."[69] Here, the case has been pending before the Court for over two years. Therefore, considering both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity, the Court, in its discretion, will exercise supplemental jurisdiction over Lee's remaining state law claims. Accordingly, because the Court finds that it is appropriate to exercise supplemental jurisdiction over Lee's Louisiana Employment Discrimination Law claim, it will now address Defendant's motion to dismiss the claim.

### III. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

*A.   Parties' Arguments*

####    1.   Defendant's Arguments in Support of Dismissal

Defendant moves for dismissal of Lee's state law claims pursuant to Federal Rule of Evidence 12(b)(6) on the grounds that her claims are untimely.[70] Defendant asserts that Lee's complaint demonstrates that her state law claims prescribed well before she filed suit in September 2013.[71] Defendant contends that the Louisiana Employment Discrimination Law provides that "[A]ny cause of action provided in this Chapter shall be subject to a prescriptive period of one year."[72] According to Defendant, the Louisiana Supreme Court has found that the prescriptive period begins to run when the injury or damage is sustained, or the date that the plaintiff is notified of the adverse employment action.[73] Defendant asserts that although the one-year prescriptive period is suspended during the pendency of any administrative review or EEOC investigation, such a

---

[69] 179 F.3d 217, 228 (5th Cir. 1999).

[70] Rec. Doc. 29-1 at p. 1.

[71] *Id.* at p. 3.

[72] *Id.* (citing La. Rev. Stat. 23:303(D)).

[73] *Id.* (*Eastin v. Entergy Corp.*, No. 2003-C-1030 (La. 2004); 865 So. 2d 49, 53).

suspension cannot last longer than six months.[74]

Defendant asserts that Lee has the burden of proving that her claim is not time-barred.[75] Defendant avers that although the burden of proof is ordinarily on the party pleading prescription, when the complaint has clearly prescribed on its face, the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted.[76] Defendant contends that although Lee's complaint does not specifically identify the dates on which any allegedly discriminatory acts occurred, Lee alleges that the last day of her employment was November 11, 2011.[77] Therefore, according to Defendant, in order to be timely, Lee's discrimination lawsuit asserting claims under the Louisiana Employment Discrimination Law had to be filed no later than November 11, 2012, one year after any discrimination could have occurred, or, at the very latest, by May 11, 2013, which is one year plus six months of suspension of the prescriptive period.[78] Defendant asserts that Lee's claims are prescribed because she did not file suit until September 2013.[79]

### 2. Plaintiff's Arguments in Opposition

This motion was set for hearing on October 28, 2015.[80] As noted above, no opposition has been filed, timely or otherwise.

### B. *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for

---

[74] *Id.* (citing La. Rev. Stat. 23:303(D)).

[75] *Id.* at p. 4.

[76] *Id.* (citing *Rizer v. Am. Sur. and Fid. Ins. Co.*, No. 95-C-1200 (La. 1996); 669 So. 2d 387, 388)).

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] Rec. Doc. 29.

12

failure to state a claim upon which relief can be granted."[81] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[82] "Factual allegations must be enough to raise a right to relief above the speculative level,"[83] and a claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[84] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[85]

A document filed *pro se* is "to be liberally construed," and a "*pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standard than formal pleadings drafted by lawyers.'"[86] A *pro se* complaint may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[87]

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings.[88] "If the district court considers information outside of the pleadings, the court must treat

---

[81] Fed. R. Civ. P. 12(b)(6).

[82] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[83] *Twombly*, 550 U.S. at 556.

[84] *Id.* at 570.

[85] *Moore v. Metropolitan Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007).

[86] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

[87] *Id.* (internal quotations omitted).

[88] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

the motion [to dismiss] as a motion for summary judgment. Although the court may not go outside the complaint, the court may consider documents attached to the complaint."[89]

## C.     *Analysis*

Defendant moves to dismiss Lee's Louisiana Employment Discrimination Law claim on the grounds that her claim prescribed well before she filed suit in September 2013.[90] "Ordinarily, the burden of proof is on the party pleading prescription; however, when the plaintiff's petition has clearly prescribed on its face . . . the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted."[91]

The Fifth Circuit, in ruling on Lee's appeal, found that this Court had not addressed Lee's claim under the Louisiana Employment Discrimination Law, which provides a different limitations period than for claims brought under Title VII and the ADA.[92] The Fifth Circuit stated that "[t]he basis for [Defendant's] motion and the district court's dismissal—the 90-day deadline from receipt of the EEOC letter that applies to federal claims—does not apply to Lee's claim under Louisiana law."[93] The Fifth Circuit noted that pursuant to Louisiana Revised Statute 23:303(D), the prescriptive period for claims pursuant to the Louisiana Employment Discrimination Law is 12-18 months.[94]

Louisiana Revised Statute 23:303(D) provides that a cause of action pursuant to the Louisiana Employment Discrimination Law:

---

[89] *Id.*

[90] Rec. Doc. 29-1 at p. 3.

[91] *Rizer v. Am. Sur. and Fid. Ins. Co.*, 95-1200 (La. 3/8/96); 669 So. 2d 387, 388.

[92] *Lee v. Columbia/HCA of New Orleans, Inc.*, 611 F. App'x 810, 811 (5th Cir. 2015).

[93] *Id.* at 813.

[94] *Id.*

14

> shall be subject to a prescriptive period of one year. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. No suspension authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.

Therefore, the maximum prescriptive period is eighteen months. The Supreme Court of Louisiana has instructed that the prescriptive period in such an action "commences the day the injury or damage is sustained."[95]

In her complaint, Lee alleges that "[o]n 11/11/11 they wanted me to work 7pm-7am knowing that I was on medication for my disibility [sic], and then I was laid off due to lack of work."[96] In the EEOC Charge of Discrimination that Lee attached to her complaint, she alleges that she was "laid off effective November 15, 2011."[97] Therefore, in order to be timely, Lee had to file her lawsuit asserting claims under the LEDL no later than November 15, 2012. It appears that Lee filed her Charge of Discrimination with the EEOC on December 20, 2011, which would suspend the prescriptive period.[98] However, pursuant to Louisiana Revised Statute 23:303(D), no suspension of the prescriptive period shall last longer than six months. Therefore, the latest date that Lee could have timely filed her lawsuit was May 15, 2013. Plaintiff did not file her lawsuit until September 2013.[99] Accordingly, the Court finds that Lee's claims pursuant to the Louisiana Employment Discrimination Law have prescribed.

---

[95] *Eastin v. Entergy Corp.*, 2003-1030 (La. 2/6/04); 865 So. 2d 49, 53 (citing La. Civ. Code art. 3492).

[96] Rec. Doc. 1 at p. 1.

[97] Rec. Doc. 1-1 at p. 4.

[98] *Id.*

[99] Rec. Doc. 1.

15

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff Shawlean Lee's claim must fail as a matter of law because it has prescribed pursuant to Louisiana Revised Statute 23:303(D). Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss Pursuant to Rule 12(b)(6)"[100] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __14th__ day of January, 2016.

                                             **NANNETTE JOLIVETTE BROWN**
                                             **UNITED STATES DISTRICT JUDGE**

---

[100] Rec. Doc. 29.